UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JEROME RABINOWITZ,                               **MEMORANDUM & ORDER**
                  Petitioner,                     16-CV- 4552    (DRH)
-against-

UNITED STATES OF AMERICA,

                  Respondent.
------------------------------------------------------X

**APPEARANCES:**

**For Petitioner:**
Aaron M. Goldsmith, Esq.
225 Broadway, Suite 715
New York, New York 10007

**For Respondent:**
Richard P. Donoghue
United States Attorney, Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Tanisha R. Payne, AUSA

**HURLEY, Senior District Judge:**

Petitioner Jerome Rabinowitz ("Petitioner) commenced this action seeking return of a forfeited diamond ring pursuant to Rules 32.2(c) and (e) of the Federal Rules of Criminal Procedure. According to the petition, the ring was seized from Petitioner's residence located here in the Eastern District of New York in connection with a criminal prosecution against him pending in the Southern District of Ohio (Criminal Case No. 12-230). Petition at ¶¶1-3. It further alleged that (1) Petitioner was convicted and a special verdict was returned in favor of forfeiture; (2) Petitioner was sentenced and a final order of forfeiture was entered on January 4, 2012; (3) the Sixth Circuit Court of Appeals affirmed the judgment; (4) the ring was gifted to Petitioner's

wife, Wendy Kaye, years before the indictment, making her the owner. (Id. ¶¶3-13.) Based on the foregoing, Petitioner requests that the ring be returned to Ms. Kaye.

Presently before the Court is the government's opposition to the petition and motion for its dismissal. The motion is unopposed.[1] The motion is granted and the petition is dismissed.

As the government correctly states in its motion, Rule 32.2(c)(2) provides that a "defendant may not object to entry of a final order [of forfeiture] on the ground that the property belongs, in whole or in part, to a . . . third party; nor may a third party object to the final order on the ground that the third party had an interest in the property." Additionally, the petition is properly dismissed in that a challenge to a final order of forfeiture is a challenge to the defendant's sentence and, as such, must be made by direct appeal. *United States v. Noyes*, 557 Fed. App'x 125, 126-27 (3d Cir. 2014); *United States v. Wernick*, 148 F. Supp. 3d 271 (E.D.N.Y. 2015), *aff'd*, 673 Fed. App'x 21 (2d Cir. 2016). Finally, 21 U.S.C. § 853(k) establishes the exclusive procedure for determining third-party rights in criminal forfeiture cases and expressly bars third parties from commencing an action against the United States or contesting the forfeiture in any other forum. *See De Almeida v. United States*, 459 F.3d 377 (2d Cir. 2006).

The Clerk of Court is directed to enter judgment dismissing the petition and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York  　　　　　　　　　　 s/ Denis R. Hurley
　　　　August 22, 2018  　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Petitioner was given an opportunity to oppose the government's motion but did not do so.